FILED

2019 Aug-26  PM 04:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **VERN STINSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.:** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNITED STATES STEEL** | ) | **JURY DEMAND** |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

### I.    INTRODUCTION

1.    This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Act of Congress commonly known as "The Civil Rights Act of 1964," 42 U.S.C. §§ 2000(e) et seq. as amended by "The Civil Rights Act of 1991," 42 U.S.C. § 1981a  (hereinafter "Title VII") which provides for relief against discrimination in employment on the basis of race and for unlawful retaliation related thereto. This action is also brought under 42 U.S.C. § 1981 which provides for relief against discrimination in employment on the basis of race and for unlawful retaliation related thereto. The Plaintiff seeks compensatory and punitive damages, and requests a jury trial pursuant to 42 U.S.C. § 1981a.

## II.    JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1343(4); 28 U.S.C. §§ 2201 and 2202; and 42 U.S.C. § 2000e-5(f)(3).

3.      The unlawful employment practices alleged hereinbelow were committed by the defendant within Jefferson County, Alabama.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(g).

## III.   PARTIES

4.      Plaintiff, Vern Stinson (hereinafter "Stinson" or "Plaintiff"), is an African-American male citizen of the United States, and a resident of Jefferson County of the State of Alabama.  Plaintiff was formerly employed by the Defendant.

5.      Defendant, Unites States Steel Corporation, (hereinafter "US Steel" or "Defendant"), is a Delaware corporation operating in Jefferson County, Alabama.  US Steel is an employer within the meaning of 42 U.S.C. § 2000e(a) and (b) and was the employer of the Plaintiff.  At all times relevant to this action US Steel has employed at least fifteen (15) or more employees.

## IV.   ADMINISTRATIVE EXHAUSTION

6.      Plaintiff has fulfilled all conditions precedent to the institution of this action including those statutory requirements under Title VII.  Plaintiff timely filed a  Charge  of  Discrimination  (Charge  No.  420-2019-00583)  with  the  Equal

Employment Opportunity ("E.E.O.C.") within 180 days of occurrence of the last discriminatory act. Plaintiff also timely files this Complaint within ninety (90) days of the receipt of a Notice of Right To Sue issued by the E.E.O.C.

## V.   FACTS AND CLAIMS

7.     Plaintiff began working for US Steel on April 2, 2012, at their Fairfield, Alabama, Tubular Operations site. Plaintiff worked as a Utility Technician in the Finishing/Shipping Department.

8.     On October 13, 2017, Plaintiff went to the E.E.O.C. and submitted a written Intake Questionnaire about an incident with his white supervisor, Chris Cone.

9.     Around this same time frame the Plaintiff also filed union grievances over various employment matters.

10.     On January 2, 2018, Plaintiff signed a formal Charge of Discrimination and filed it with the E.E.O.C. for race discrimination over the discriminatory way he had been treated versus the way his white co-workers, Nick Waldrop and Shawn Montgomery, were treated under the company's discipline policy. [Charge No. 420-2018-00166C].

11.     The E.E.O.C. issued a mediation offer to US Steel on January 5, 2018, on this Charge.

12.     The E.E.O.C. also delivered a copy of Plaintiff's Charge of Discrimination for race US Steel and the Defendant responded to same on February 16, 2018.

13.     Plaintiff continued to participate in the E.E.O.C. investigation process up and until the E.E.O.C. issued a Notice of Rights on his initial charge on July 9, 2018.

14.     Shortly after US Steel was made aware of the Plaintiff's January 2018 E.E.O.C. filing, he began being subjected to unlawful retaliation.

15.     On January 29, 2018, Plaintiff was called to meet with his union representatives Eugene Horn, Raymond League, and Martin Edwards over his pending union grievances. At this time the company representative, Pat Thomas,  offered to take away two (2) of the Plaintiff's disciplinary actions if Plaintiff would agree to dismiss his pending E.E.O.C. Charge.

16.     Plaintiff told them that he would not dismiss his E.E.O.C. Charge.  The Defendant refused to conciliate any further.

17.     At that point Raymond League told Plaintiff to be careful because anything that the Plaintiff did from here on out would be used against him and that Raymond expected to see the Plaintiff again over this matter.

4

18.     On or about March 11, 2018, the Plaintiff missed work due to a medical issue resulting in his being taken to the Emergency Room and receiving medical treatment.

19.     As soon as he was able, the Plaintiff made sure this incident was reported this to US Steel and also brought his medical paperwork in to US Steel. 20.

However, on March 12, 2018, Plaintiff was issued a five (5) day suspension for allegedly improperly reporting off of work even though the Plaintiff had been in the Emergency Room, had made sure the Defendant was made aware of his medical situation, and had also brought in medical documents for his absences.

21.     Thereafter the Process Manager, Micah Aplin (Caucasian), tried to write the Plaintiff up for allegedly "cutting" bad pipe. Aplin came to the work floor with a discipline form in hand. At that time the Plaintiff informed Aplin that the pipes in question had been cut by the No. 6 Operators, Michael Thurman and Ronnie Terrell, due to a problem on the No. 6 threader machine. Aplin then went to those operators and confirmed this. Aplin then left the floor and did not write up or discipline anyone.

22.     Upon information and belief, neither Thurman nor Terrell had filed an EEOC Charge against the Defendant nor had they opposed discrimination as had Plaintiff.

23.     On June 6, 2018, Michael Aplin issued the Plaintiff two (2) disciplinary write ups including another five (5) day suspension and a conversion of that suspension into a termination for an alleged safety "near miss" incident that had taken place on May 31, 2018, when a pipe was released and nearly hit an employee.

24.     This May 31, 2018, incident involved an HMI Screen equipment malfunction while the Plaintiff was working as a Thread Inspector (North End) on HMI Screen No. 6, resulting in the pin stops going down which led to the pipe release and potential safety issues.

25.     This malfunction had been reported to supervision by Marcus Harris, Thread Inspector (South End), and the HMI had had to be rebooted in order to get it to function properly again.

26.     Plaintiff was not responsible for the pin stops going down which resulted in the rolling pipe.

27.     None of the operators in the area witnessed the Plaintiff manually lower the pin stops via his HMI screen or otherwise.

28.     None of the operators, including Plaintiff, had pushed the button to release the pipe. Instead, there was a malfunction which caused the issue.

29.     There were witnesses to these facts which the company ignored in order to find another way to discipline the Plaintiff under the discipline policy in order to

reach a termination event.

30.    Also, the Defendant's SJP in place at the time did not require that pin stops must be up during thread checks. So even if an employee had been responsible for this incident--as opposed to the malfunction of the equipment--there was not an actual safety violation which occurred.

31.    Plaintiff was terminated effective June 6, 2018, as he refused to dismiss his pending E.E.O.C. claims.

32.    Upon information and belief, none of the white operators involved in the May 31, 2018, incident were disciplined or terminated.

33.    Upon information and belief, none of the other operators had filed a Charge with the E.E.O.C. and/or opposed discrimination and none of them were disciplined or terminated.

34.    On June 12, 2018, the Plaintiff met with his union representative Wayne Rice and was told that company representative Andrew Stanley had offered to let the Plaintiff keep his job only if Plaintiff signed a Last Chance Agreement in which he was told, again, that he would have to dismiss and waive his pending E.E.O.C. Charge and claims of discrimination. Plaintiff again refused to dismiss his pending E.E.O.C. claims and was effectively terminated.

35.     The Plaintiff has been discriminated against on the basis of his race (African-American) by being subjected to discriminatory discipline and termination in contrast to similarly situated white employees. This conduct was wilful, malicious, and in wanton disregard of my federally protected rights.

36.     As a result of Plaintiff opposing race  discrimination and retaliation and/or her participation in an E.E.O.C. filing and investigation regarding same the Defendant subjected Plaintiff to unlawful retaliation with respect to the terms, conditions, and privileges of his employment including being subjected to a retaliatory hostile work environment, being subjected to unwarranted discipline, and culminating in his termination.

37.     This conduct was intentional, willful, malicious, and in reckless indifference to the Plaintiff's federally protected rights.

38.     As the result of the Defendant's conduct the Plaintiff was deprived of income and other employment benefits due him. He also suffered embarrassment, humiliation, inconvenience, and mental distress. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, front pay, an injunction, and compensatory and punitive damages is his only means of securing adequate relief.

39.     Plaintiff is suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## COUNT I - RACE DISCRIMINATION
## IN VIOLATION OF TITLE VII

40.     The Plaintiff realleges and incorporates by reference paragraphs 1-39 above with the same force and effect as if fully set out in specific detail hereinbelow.

41.     As set out in detail above, the Defendant intentionally and maliciously discriminated against the Plaintiff by subjecting him to stricter scrutiny and disparate treatment than similarly situated white employees, by subjecting him to disparate discipline, and by terminating his employment, at least in part, on the basis of the Plaintiff's race, African-American.

42.     All acts of race discrimination were done wilfully and with malicious and reckless disregard for the rights of the Plaintiff.

43.     As the result of the Defendant's conduct the Plaintiff was deprived of income and other benefits due him. Plaintiff also suffered embarrassment, humiliation, inconvenience, and mental distress.

44.     Plaintiff is suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

45.     Plaintiff has no plain, adequate or complete remedy at law to redress the

wrongs alleged herein, and this suit for a declaratory judgment, backpay, front pay, an injunction, and compensatory and punitive damages is his only means of securing adequate relief.

## COUNT II - RACIAL DISCRIMINATION
## IN VIOLATION OF 42 U.S.C. §1981

46.     The Plaintiff realleges and incorporates by reference paragraphs 1-39 above with the same force and effect as if fully set out in specific detail hereinbelow.

47.     As set out in detail above, the Defendant intentionally and maliciously discriminated against the Plaintiff by subjecting him to stricter scrutiny and disparate treatment than similarly situated white employees, by subjecting him to disparate discipline, and by terminating his employment, at least in part, on the basis of the Plaintiff's race, African-American.

48.     All acts of race discrimination were done wilfully and with malicious and reckless disregard for the rights of the Plaintiff.

49.     The Defendant is liable under 42 U.S.C. §1981 for such discrimination because it knew or should have known of the racial discrimination and condoned, ratified and otherwise allowed the racially discriminatory behavior to continue.

50.     Plaintiff suffered damages as a proximate result of these violations, which were caused by the Defendant's policy or custom to allow racial discrimination,

and/or by the defendant's failure to adequately train or to otherwise prevent or remedy racial discrimination which was caused by the Defendant's deliberate indifference to the Plaintiff's federally protected rights and/or by deliberate indifference to those violations.

51.     The Defendant thus has violated the proscriptions against race discrimination under 42 U.S.C. § 1981.

52.     As the result of the Defendant's conduct the Plaintiff was deprived of income and other benefits due him. Plaintiff also suffered embarrassment, humiliation, inconvenience, and mental distress.

53.     Plaintiff is suffering and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

54.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, front pay, an injunction, and compensatory and punitive damages is his only means of securing adequate relief.

## COUNT III - RETALIATION IN VIOLATION OF TITLE VII

55.     The Plaintiff re-alleges and incorporates by reference paragraphs 1-39

above with the same force and effect as if fully set out in specific detail hereinbelow.

56.    As set out above, The Plaintiff made good faith and reasonable complaints of race discrimination and retaliation, opposed race  discrimination and retaliation, and participated in an E.E.O.C. filing and investigation regarding same against the Defendant.

57.    Thereafter the Plaintiff was retaliated against because of his opposition to discrimination and/or his participation with the E.E.O.C. by being subjected to a retaliatory hostile work environment, being subjected to unwarranted discipline, and being terminated from his employment.

58.    Said retaliation and creation of a retaliatory hostile work environment was done maliciously, willfully, and with reckless disregard for the rights of the Plaintiff.

59.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunction relief, and compensatory and punitive damages is his only means of securing adequate relief.

60.    Plaintiff is now suffering, and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this

Court.

## COUNT IV - RETALIATION IN VIOLATION OF 42 U.S.C. §1981

61.     The Plaintiff re-alleges and incorporates by reference paragraphs 1-39 above with the same force and effect as if fully set out in specific detail hereinbelow.

62.     As set out above, The Plaintiff made good faith and reasonable complaints of race discrimination and retaliation, opposed race  discrimination and retaliation, and participated in an E.E.O.C. filing and investigation regarding same against the Defendant.

63.     Thereafter the Plaintiff was retaliated against because of his opposition to discrimination and/or his participation with the E.E.O.C. by being subjected to a retaliatory hostile work environment, being subjected to unwarranted discipline, and being terminated from his employment.

64.     Said retaliation and creation of a retaliatory hostile work environment was done maliciously, willfully, and with reckless disregard for the rights of the Plaintiff.

65.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunction relief, and compensatory and punitive damages is his only means of securing adequate relief.

66.     Plaintiff is now suffering, and will continue to suffer irreparable injury from the Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## VI.    PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.     Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant are violative of the rights of the Plaintiff, as secured by Title VII and 42 U.S.C. § 1981.

2.     Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate Title VII of the Act of Congress known as "The Civil Rights Act of 1964," as amended by "The Civil Rights Act of 1991,"  and 42 U.S.C. § 1981.

3.     Grant the Plaintiff an order requiring the Defendant to make him whole by awarding him reinstatement into the position he would have occupied in the absence of racial discrimination and/or retaliation by the Defendant with the same seniority, leave and other benefits of the position (or front pay), back pay (with interest), and by awarding Plaintiff compensatory, punitive, and/or nominal damages.

4.      The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,


/s/ Temple D. Trueblood
Temple D. Trueblood (TRU014)
Attorney for Plaintiff

OF COUNSEL:
WIGGINS, CHILDS, PANTAZIS,
    FISHER & GOLDFARB, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
(205) 314-0500


**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY.**

s/ Temple D. Trueblood
OF COUNSEL


**Plaintiff requests this Honorable Court to serve via certified mail upon each of the named defendant the following: Summons, Complaint.**

Defendant's Address:

15

United States Steel Corporation
c/o Registered Agent
Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

s/ Temple D. Trueblood
OF COUNSEL